IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JESSE SCHWORCK,

                                   Petitioner,

       v.

STATE OF WISCONSIN,

                                     Respondent.

OPINION AND ORDER

26-cv-184-wmc

---

Representing himself, petitioner Jesse Schworck has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, challenging a state court conviction from Dane County. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review and dismiss the petition if it plainly appears that the petitioner is not entitled to relief. Complaints and petitions filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). After reviewing the petition under this lenient standard, the court must dismiss this action for the reasons explained below.

OPINION

Court records reflect that petitioner entered a guilty plea on January 6, 2025, to charges of maintaining a drug trafficking place in violation of Wis. Stat. § 961.42(1) in *State v. Schworck*, Dane County Circuit Court Case No. 19CF1228.[1] Petitioner was sentenced to pay court costs and, in exchange, the State dismissed several other felony charges that had been lodged against him. Petitioner filed a motion for appointment of counsel for purposes of seeking post-

---

[1] Courts may take judicial notice of the state court records. *See Patrick v. City of Chicago*, 81 F.4th 730, 734 n.2 (7th Cir. 2023) (state court proceedings are a proper subject of judicial notice).

conviction relief, but the circuit court denied that request due to insufficient showing of indigency.  Petitioner now seeks habeas corpus review, alleging that he was denied appointment of counsel for purposes of an appeal.

To begin, a district court is authorized to entertain a habeas corpus petition on behalf of a person challenging a state court judgment only if the petitioner is "*in custody* in violation of the Constitution or laws or treaties of the United States[.]"   28 U.S.C. § 2241(c)(3); (emphasis added); *see also* 28 U.S.C. § 2254(a).  A conviction that results only in a fine does not constitute "custody" for purposes of seeking federal habeas review.  *Hanson v. Circuit Ct. of First Judicial Circuit of Ill.*, 951 F.2d 404, 405 & n.1 (7th Cir. 1979).  Although petitioner insists that he is in custody because he cannot find housing, travel to many countries, vote, own a gun, serve on a jury, hold public office, obtain certain professional licenses, or obtain public benefits (dkt. #3), it does not appear that any of these alleged collateral consequences are sufficient to meet the custody requirement.  *See Stanbridge v. Scott*, 791 F.3d 715, 719 (7th Cir. 2015) ("a habeas petitioner is not 'in custody' pursuant to a particular conviction unless his physical liberty of movement is limited in a non-negligible way, and that limitation is a *direct* consequence of the challenged conviction") (emphasis in original); *Harvey v. State of South Dakota*, 526 F.2d 840, 841 (8th Cir. 1975) (loss of right to work in certain professions and carry a firearm did not satisfy "in custody" requirement); *People ex rel. Sherman v. People of State of Ill.*, No. 03-C-0385, 2006 WL 200189, at *1 (N.D. Ill. Jan. 19, 2006) ("Examples of 'collateral consequences' that do not render a petitioner in custody include the inability to obtain a license to engage in a particular profession, own or possess firearms, or hold public office and the requirement to register as a sex offender."); *see also* Randy Herz & James S. Liebman, *Federal Habeas Corpus Practice and Procedure* § 8.2(e) (7th ed.) (listing denial of a

professional or occupational license, loss of employment opportunities, and loss of the right to vote or serve on a jury, and other adversities as non-custodial consequences).

Even if petitioner satisfied the custody requirement, a federal court may not grant habeas relief from a state court judgment of conviction unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). The doctrine of exhaustion serves the interests of comity between federal and state sovereigns by giving state appellate courts a meaningful opportunity to consider and correct any alleged constitutional violation. *Lieberman v. Thomas*, 505 F.3d 665, 670 (7th Cir. 2007). Inherent in the exhaustion requirement is the habeas petitioner's duty to present his federal claims to the state courts "fully and fairly." *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008) (citations omitted). To "fairly" present a claim, a petitioner must raise the same operative facts and controlling legal principles before the state courts in a procedurally proper manner. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To "fully" present a claim, the petitioner must complete one round of state court review of a fairly presented claim, including seeking discretionary review before the state supreme court. *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001) (citing *O'Sullivan*, 526 U.S. at 845-48).

Petitioner did not exhaust state court remedies as required because, although he filed a petition for a supervisory writ with the Wisconsin Court of Appeals, that petition was denied as an improper "attempt to obtain review that would be available by appeal." (Dkt. #1-1, at 3.) The Court of Appeals rejected petitioner's arguments to the contrary, holding further that a supervisory writ petition was not the "proper method" to litigate his claims. (*Id.*)

3

The United States Supreme Court has long held that a federal habeas petition "should be dismissed if the [petitioner] has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (citing *Ex parte Royall*, 117 U.S. 241 (1886)).  Although petitioner represents himself, his *pro se* status does not qualify as cause to excuse his procedural default.  *See Harris v. McAdory*, 334 F.3d 665, 668-69 (7th Cir. 2003) (neither a petitioner's *pro se* status nor factors such as mental illness, illiteracy, and low intelligence qualify as an external impediment that can serve as cause).  Because petitioner clearly failed to exhaust an appellate process that was available to him, his petition must be dismissed.

## ORDER

IT IS ORDERED that:

1. The federal habeas corpus petition filed by Jesse Schworck (dkt. #1) is DISMISSED without prejudice.

2. Petitioner's motion to expedite (dkt. #2) is MOOT.

3. A certificate of appealability is DENIED.

4. The clerk of court shall enter judgment and close this case.

Entered on this 8th day of June, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

4